UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANTONIO HARDY, #280167 ) | |
| ) | |
| v. ) | NO. 2:08-CV-124 |
| ) | |
| ED GRAYBEAL, JR., JANE DOE #1, ) | |
| JOHN DOE # 1, JOHN DOE #2, ) | |
| WASHINGTON COUNTY (MEDICAL ) | |
| SERVICES) JAIL & CLINIC, ) | |
| WASHINGTON COUNTY SHERIFF'S ) | |
| DEP'T, JOHN DOE #3, JOHN DOE #4, ) | |
| and JOHNSON CITY MEDICAL CTR., ) | |
| ) | |
| All in their individual and ) | |
| official capacities. ) | |

## **MEMORANDUM OPINION**

### I. **Introduction**

Proceeding *pro se* and *in forma pauperis*, Antonio Hardy, an inmate in the Charles Bass Correctional Complex (Charles Bass) prison in Nashville, Tennessee originally filed this civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983 in the Middle District of Tennessee. After dismissing the claims against nine of the seventeen defendants, the district court transferred the case pursuant to 28 U.S.C. § 1391(b) to this district—the district wherein venue lies with respect to the remaining claims and defendants. Defendants are various correctional officers, officials, and medical care providers, as well as a physician, hospital, and

other entities in Washington County, Tennessee.

## II. Screening the Complaint.

In his handwritten complaint, plaintiff contends that he was subjected to unconstitutional treatment while he was housed in the Washington County Detention Center (WCDC) and during his transport to Charles Bass. The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

## III. <u>Background</u>.

According to his pleading, on or about November 20, 2007, plaintiff began to experience severe chest pains, dizziness, blurred vision, a headache, and elevated blood pressure. He was given nitroglycerin and sent by ambulance to the Johnson City Medical Center Hospital (Medical Center). After describing his chest pain to the emergency room doctor, defendant John Doe # 1, plaintiff was given an EKG (electrocardiogram) and a CT (computer-assisted tomography) scan and, based on the test results, was diagnosed as having kidney stones in his bladder. Nevertheless, defendant doctor did not treat the kidney stones or order further testing with respect to the chest pain and, though he prescribed pain medication for plaintiff's headache,

2

plaintiff was returned to the WCDC without receiving the medication.

Sometime during November 19 - 23, 2007, plaintiff inquired about his medications for chest pain, but the nurses would not give it to him. Plaintiff asked for a grievance form to register his complaint about this matter, but defendant officer John Doe #2 refused the request, advising plaintiff that inmates were not allowed to be given grievances. Thereafter, without seeing a doctor, plaintiff was given medications which the nurses wanted him to have, but (inferentially) were not the ones he wanted or the ones prescribed.

Plaintiff again suffered chest pains on December 10, 2007, passed out, and, on his way to take a shower, became dizzy. Again, it was determined that plaintiff's blood pressure was elevated beyond stroke level and he was rushed to the hospital. But this time, he was kept one day for observation and to undergo various tests, such as another CT scan, a stress test, and a second ERG. Based on this set of test results, plaintiff had heart surgery. He was discharged from the hospital on December 16, 2007. Three days later, plaintiff was placed in the back seat of a Sheriff's Department vehicle and, for some four to five hours, driven at speeds exceeding 75 mph to Charles Bass, traveling in pain and without medication. The transporting officers were Washington County deputy sheriffs, John Doe #3 and John Doe # 4.

Claiming that the above actions and omissions amounted to constitutional

deprivations, plaintiff seeks a total of six million dollars ($6,000,000) in punitive damages, treatment for his kidney stones, attorney fees, and costs of litigation, as well as any other available proper relief.

### IV. Discussion

A. Improper Claims/Defendants.

There are two preliminary matters to be addressed. First, plaintiff has pled claims for injunctive relief, even though a prisoner's request for injunctive or declaratory relief against jail officials cannot be granted once he is transferred from the correctional institution of which he complains to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). That is the situation here. Plaintiff is no longer confined in the WCDC, and it is obvious that he could obtain no benefit from an injunction against the WCDC defendants with respect to conditions in that facility. Thus, this claim has become moot and is **DISMISSED**.

Secondly, plaintiff has charged wrongdoing on the part of three defendants—the "Washington County (Medical Services) Jail & Clinic" and the Washington County Sheriff's Department. The WCDC, however, is a building and neither it nor the Washington County Sheriff's Department are "persons" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at *1 (6th Cir.

4

May 1, 1997) (jail is not a suable entity). Likewise, the WCDC Clinic is not a person amenable to suit under § 1983, since it is a subdivision of the Sheriff's Department. *See Horton v. Hamblen County Jail Medical Staff*, 2007 WL 172523, *1 (E.D. Tenn. Jan. 18, 2007) (jail medical staff is not a "person" under § 1983). Therefore, these non-suable defendants are **DISMISSED** from this case.

B. Right to File Grievances.

Plaintiff's allegation that he was denied the right to file a grievance fails also because a prisoner has no constitutionally protected right to an institutional grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir.1996); *Adams v. Rich*, 40 F.3d 72, 75 (4th Cir. 1994); *Farmer v. Seiter* 1991 WL 180208, *2 (6th Cir. Sept. 13, 1991) (citing *Spencer v. Moore,* 638 F.Supp. 315, 316 (E.D.Mo.1986), for the proposition that correctional officials are not constitutionally required to implement an inmate grievance procedure). Since the only allegation against defendant John Doe # 2 is that he denied plaintiff his right to file a grievance, this defendant is also **DISMISSED** from this lawsuit.

C. Eighth Amendment Claims.

The claims in this action which remain for disposition are governed by the Eighth Amendment, which proscribes punishments that involve the unnecessary and wanton infliction of pain. U. S. Const. amend. VIII. Deliberate indifference to an

5

Case 2:08-cv-00124-JRG-DHI   Document 8   Filed 06/11/09   Page 5 of 11   PageID #: 50

inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to establish "deliberate indifference" on the part of a jail official, a plaintiff must satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.*, at 837. The subjective component requires a plaintiff to show that a defendant acted with a conscious disregard to a substantial risk of serious harm to him. *Farmer*, 511 U.S. at 837. The latter showing must comprise more than mere negligence, and if a defendant took reasonable measures to abate the harm, he or she will not be held liable, even if the harm was not ultimately averted. *Id.* at 835-36. Claims of negligence are insufficient to entitle a plaintiff to relief. *Id.* at 835; *Estelle*, 429 U.S. at 105-06.

The contentions against John Doe # 3 and John Doe # 4 are deficient under this standard. Plaintiff maintains that defendant(s) Doe drove at a speeds over 75 mph while transporting him to Charles Bass in a Sheriff's Department vehicle. Plaintiff does not indicate—and the Court is unaware of—the source of plaintiff's asserted right to have the officers refrain from driving a car at a high rate of speed. Though this claim is frivolous as it is pled because it asserts a legal interest that does not exist,

assuming that plaintiff is constructing his claim on the Eighth Amendment, the Supreme Court has said that a court, in ascertaining whether a condition meets the objective factor of such a claim, must

> "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate."

*Helling v. McKinney*, 509 U.S. 25, 36 (1993).

In a perfect world, drivers would observe posted speed limits and plaintiff would have been transported to Charles Bass in the safest possible manner. However, the evaluation of a challenged condition may not be grounded upon this Court's "idea of how best to operate a detention facility." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). At any rate, plaintiff must show an objectively serious deprivation and one that violates contemporary standards of decency. It simply cannot be said that transporting an inmate in an automobile driven at high speed is a situation which society is unwilling to tolerate.

Moreover, while plaintiff alleges that the rigors of his journey caused him severe pain in his thigh, chest, and other extremities, headaches, and blurred vision from his high blood pressure, he does not indicate that he informed the officers about these symptoms while en route to his destination. Nor does he assert that he asked the

7

officers for medical care for those conditions and that they denied his request. Absent any contention that these officers knew about and disregarded a substantially serious risk posed by plaintiff's health problems, he has failed to satisfy the "deliberate indifference" element of an Eighth Amendment claim. Since none of the allegations lodged against John Doe #3 and John Doe #4 state a viable constitutional claim, these two defendants are also **DISMISSED** as parties in this action.

Annexed to the high-speed claim is an allegation that the jail failed to send any of plaintiff's medications with him on his trip to Charles Bass. Unfortunately for plaintiff, even if he had not alleged wrongdoing on the part of a building (the "jail"), his claim is premised upon a theory of negligence. It is well recognized that allegations of mere negligence will not entitle a plaintiff to relief under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Estelle*, 429 U.S. at 105-06. Since this allegation implies that some unidentified WCDC transportation officer was negligent in failing to ensure that plaintiff's medications accompanied him on his journey, it too fails to state a claim for a constitutional deprivation.

Next, plaintiff asserts that, without consulting a doctor, the "Jail Medical Nurses" gave him medication which they wanted him to have. Although plaintiff has identified "Jane Doe # 1 (Pat) Head Nurse" as a defendant in this action, the claim is lacking in other specifics, such as whether the medication which, presumably, plaintiff

8

Case 2:08-cv-00124-JRG-DHI   Document 8   Filed 06/11/09   Page 8 of 11   PageID #: 53

preferred was prescribed by a physician or instead, was an over-the-counter medication and when and by whom he was denied his medication.

Moreover, without an identification of the individual(s) involved in this alleged misdeed or some factual nexus between that person and the alleged misdeed, there is nothing from which to infer the state-of-mind element of an Eighth Amendment claim. Allegations which lack the necessary factual support are conclusory. A court is not required to conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Conclusory contentions such as these do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

The other asserted medical claims, i.e., the failure to treat plaintiff's kidney stones; to order additional testing to determine the source of his chest pain and the reason why nitroglycerin stopped the pain; and to administer the medications the emergency room physician ordered before plaintiff was returned to the WCDC, amount, at most, to medical negligence and not to deliberate indifference.

Clearly, plaintiff received a great deal of medical treatment at the hands of various medical care providers during his confinement in the WCDC. Where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same

token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106. Whether addition diagnostic testing or treatment is indicated is a matter for medical judgment and not a matter for a federal court. *Id.* at 107.

Moreover, in order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998). Plaintiff has not shown that the emergency room physician, defendant doctor John Doe # 1, was acting under color of state law when he failed to treat plaintiff's kidney problem.

Therefore, plaintiff has failed to allege sufficient facts to sustain a claim for constitutional medical maltreatment under 42 U.S.C. § 1983.

## V. Conclusion

Accordingly, for all the above reasons, the Court has determined that plaintiff's complaint fails to state a claim entitling him to relief and that a sua sponte dismissal is the appropriate disposition of this lawsuit.[1]

---

[1] Pursuant to the Prison Litigation Reform Act courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999)

10

Case 2:08-cv-00124-JRG-DHI Document 8 Filed 06/11/09 Page 10 of 11 PageID #: 55

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

("The PLRA requires district courts to screen cases at the moment of filing. The Court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).